MEMORANDUM.—On the first of January, 1850, S. PARK COON, Esq., entered upon the duties of the office of Attorney-General, to which he had been elected for a term of two years, in the place of JAMES S. BROWN, Esq., whose term of office had expired.

---

### FISHER v. CHASE.

1. PRACTICE—DEFAULT.—Where a demurrer to the plaintiff's declaration is overruled, he cannot regularly have his damages assessed until the defendant's default for want of a plea is entered; and the defendant having filed a plea before the assessment of damages and before the entry of his default, a judgment on such assessment was reversed.

(2 *Chand.* 3.)

ERROR to the late District Court for *Rock* County.

The defendant in the court below demurred to the whole declaration, and, on argument, that court overruled the de-

murrer, and thereupon the plaintiff below assessed his damages without having entered the defendant's default, or any rule for the assessment. The defendant below filed an issuable plea, before the assessment of the plaintiff's damages, and the case comes here for the alleged error of assessing the damage safter plea put in. ·

*J. H. Knowlton,* for plaintiff in error.

*J. A. Sleeper,* for defendant in error.

LARRABEE, J.   The record in this cause shows that a writ of inquiry was awarded, and the plaintiff's damages assessed, without a default having been first entered against the defendant. It also appears that after the demurrer was overruled, the defendant filed a plea of the general issue. There is nothing to show that this plea was not properly filed, and an issue formed. Yet, notwithstanding this state of facts, a writ of inquiry was awarded, and damages assessed.

The judgment of the district court must be reversed, and the cause remanded for further proceedings.

Judgment reversed.